OPINION
{¶ 1} Cheryl M. and Robert L. Melvin, Sr. appeal from the grant of summary judgment by the Trumbull County Court of Common Pleas to the Joseph Badger Local School District in their action for personal injury and loss of consortium. We affirm.
 {¶ 2} Mrs. Melvin was a rural mail carrier for the United States postal service. She began delivering mail to Joseph Badger around 2000 or 2001. Mrs. Melvin delivered the mail daily to the school district's main office by walking up a cement *Page 2 
sidewalk. There were cracks in the sidewalk pavement, which Mrs. Melvin had observed.
 {¶ 3} February 5, 2004, Mrs. Melvin was returning to her vehicle, having delivered the mail. The sidewalk was not slippery. There was snow on the ground, but not on the path. She was carrying six to twelve letters in her left hand, and her keys. Pursuant to postal regulations, she was not looking where she stepped, but rather, at her truck, which was boxed in by other vehicles, trying to determine how to get out. Mrs. Melvin stubbed her toe, and fell, suffering serious physical injuries. She could not identify what caused her to fall, but fell on the area of the sidewalk where the cracks are.
 {¶ 4} February 6, 2006, Mr. and Mrs. Melvin filed this action against Joseph Badger, which answered March 9, 2006. January 17, 2007, Joseph Badger moved the trial court for summary judgment. The Melvins filed their opposition March 27, 2007; Joseph Badger, its reply, April 2, 2007. That same day, the trial court filed its judgment entry granting summary judgment to Joseph Badger. May 1, 2007, the Melvins timely noticed this appeal, assigning a single error:
 {¶ 5} "The trial court erred in granting summary judgment in favor of appellee, Badger School District Board of Education."
 {¶ 6} "`Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' Holik v. Richards, 11th Dist. No. 2005-A-0006, 2006-Ohio-2644, ¶ 12, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 293, * * *. `In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one *Page 3 
conclusion, which is adverse to the nonmoving party.' Id. citing Civ.R. 56(C). Further, the standard in which we review the granting of a motion for summary judgment is de novo. Id. citing Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, * * *.
 {¶ 7} "Accordingly, `(s)ummary judgment may not be granted until the moving party sufficiently demonstrates the absence of a genuine issue of material fact. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.'Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, ¶ 12, citing Dresher at 292. `Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts demonstrating that a genuine issue of material fact does exist that must be preserved for trial, and if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' Id., citing Dresher at 293.
 {¶ 8} * * *
 {¶ 9} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and nonmoving party. In Dresher v. Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot *Page 4 
succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v. Wheeler (1988), 38 Ohio St.3d 112,
 {¶ 10} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, * * *, is too broad and fails to account for the burden Civ.R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity with Misteff. (Emphasis added.)
 {¶ 11} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's *Page 5 
claim.' Id. at 276. (Emphasis added.)" Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 36-37, 40-42. (Parallel citations omitted.)
 {¶ 12} The Melvins make three arguments against the trial court's grant of summary judgment, which was premised principally on the open and obvious doctrine. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at the syllabus. "When applicable, the open and obvious doctrine abrogates the duty to warn and completely precludes negligence claims."Hudspath v. The Cafaro Co., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 18.
 {¶ 13} First, the Melvins argue that the exception to political subdivision immunity set forth at R.C. 2744.02(B)(4) applies to this case. That section makes political subdivisions liable for the negligence of their employees which results in injury to another, and which is due to defects in buildings with governmental functions or on their grounds. In conjunction with this, they note the rule that violation of an administrative rule may be evidence of negligence, and can preclude application of the open and obvious doctrine in summary judgment proceedings. Cf. Uddin v. Embassy Suites Hotel,165 Ohio App.3d 699, 2005-Ohio-6613, at ¶ 25-40. They then cite to Ohio Adm. Code3301-83-20(I)(4), which requires school bus drivers to report to their district, "[l]ack of sidewalks or sidewalks in poor condition[.]"
 {¶ 14} Joseph Badger replies it did not seek, nor did the trial court apply, political subdivision immunity to this case, thus making R.C.2744.02(B)(4) irrelevant. It further notes the Melvins never presented to the trial court their argument that violation of an administrative regulation may be evidence of negligence; and, that there is no evidence *Page 6 
in the record regarding whether any report was, or was not, made pursuant to Ohio Admin. Code 3301-83-20(I)(4).
 {¶ 15} Joseph Badger's arguments are persuasive. It did not claim, nor did the trial court apply, political subdivision immunity to this case. R.C 2744.02(B)(4) simply does not enter into it. An appellate court generally will not consider issues not raised before the trial court.Washington Mut. Bank v. Cowles, 11th Dist. No. 2006-A-0076,2007-Ohio-4771, at ¶ 36. The Melvins do not appear to have argued to the trial court the implications of Ohio Admin. Code 3301-83-20(I)(4). Further, Joseph Badger is correct in its contention the record simply lacks any indication that any report of the alleged poor condition of the Joseph Badger sidewalk was, or was not, made pursuant to Ohio Admin. Code 3301-83-20(I)(4). In the summary judgment proceedings below, it was the Melvins' obligation to make such evidence part of the record. Civ.R. 56(E).
 {¶ 16} This issue is without merit.
 {¶ 17} By their second issue, the Melvins contend the cracks in the sidewalk pavement were not open and obvious, since Mrs. Melvin did not see what caused her fall. When applying the open and obvious doctrine, whether the injured party actually noticed the alleged hazard is irrelevant. Lydic v. Lowe's Cos., Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. "Rather, the determinative issue is whether the condition is observable." Id. If the injured party could have noticed the alleged dangerous condition by looking, the condition is open and obvious. Id.
 {¶ 18} In this case, Mrs. Melvin admitted she knew of the cracks, and that they were visible. They constituted an open and obvious hazard.
 {¶ 19} The second issue is without merit. *Page 7 
 {¶ 20} By their third issue, the Melvins contend the trial court misapplied the doctrine of attendant circumstances, which, when applicable, serves to ameliorate the open and obvious doctrine. As we stated in Hudspath:
 {¶ 21} "* * * the `attendant circumstances' of a slip and fall may create a material issue of fact as to whether the danger was open and obvious. Louderback v. McDonald's Restaurant, 4th Dist. No. 04CA2981,2005-Ohio-3926, at ¶ 19. Attendant circumstances include any distraction that would divert the attention of a pedestrian in the same circumstances and thereby reduce the amount of care an ordinary person would exercise. McGuire v. Sears, Roebuck and Co. (1996),118 Ohio App.3d 494, 499, * * *. In short, attendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event. See Menke v. Beerman (Mar. 9, 1998), 12th Dist. No. CA97-09-182, 1998 Ohio App. LEXIS 868, at 2-3, citingCash v. Cincinnati (1981), 66 Ohio St.2d 319, * * *." Hudspath
at ¶ 19. (Parallel citations omitted.)
 {¶ 22} In this case, the Melvins argue two sets of attendant circumstances distracted Mrs. Melvin from any defect in the sidewalk. First, they note she was carrying six to twelve letters, and her keys. Second, they contend the postal service's requirement that mail carriers look toward their vehicles, rather than where they are walking, constitutes an attendant circumstance. They object to the trial court's holding, in the entry granting summary judgment, that attendant circumstances must be of the property owner's making, in order to obviate the open and obvious doctrine.
 {¶ 23} Initially, we note our agreement with the Melvins that attendant circumstances need not be of the property owner's creation, in order to negate *Page 8 
application of the open and obvious doctrine. Attendant circumstances "`include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" Stockhauser v. Archdioceseof Cincinnati (1994), 97 Ohio App.3d 29, 33, quoting France v.Parliament Park Townhomes (Apr. 27, 1994), 2d Dist. No. 14264, 1994 Ohio App. LEXIS 1793, at 6.
 {¶ 24} However, we must agree with the trial court that carrying a number of letters and keys is not an attendant circumstance. It was simply part of Mrs. Melvin's work as a mail carrier. Further, Mrs. Melvin's work regulations do not constitute an attendant circumstance. The postal service's requirement that its carriers look to their vehicles when approaching them is simply not an attraction or distraction which an ordinary pedestrian would encounter. Rather, it was a special requirement of her job.
 {¶ 25} The third issue is without merit.
 {¶ 26} The sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 {¶ 27} It is the further order of this court that appellants are assessed costs herein taxed. The court finds that there were reasonable grounds for this appeal.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1