[Cite as *Carnes v. Siferd*, 2011-Ohio-4467.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

BETHEL CARNES,

    PLAINTIFF-APPELLANT,

    -and-                               CASE NO.  1-10-88

PAUL CARNES,

    PLAINTIFF-APPELLEE,

    v.                                     O P I N I O N

LARRY G. SIFERD, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2009 1110

**Judgment Affirmed**

Date of Decision:   September 6, 2011

APPEARANCES:

    *Lawrence A. Huffman* for Appellant

    *J. Alan Smith* for Appellee

**ROGERS, P.J.**

{¶1} Plaintiff-Appellant, Bethel Carnes, appeals from the judgment of the Court of Common Pleas of Allen County granting Defendants-Appellees', Larry and Laura Siferd (the "Siferds"), summary judgment.[1] On appeal, Bethel argues that the trial court erred in granting summary judgment when genuine issues of material fact exist as to whether the defect which caused her injury was open and obvious. Based on the following, we affirm the judgment of the trial court.

{¶2} In October 2009, Bethel filed a complaint asserting claims for damages incurred as a result of injuries she suffered from a trip and fall accident allegedly caused by the Siferds' negligence in failing to maintain the sidewalk on their property. Specifically, Bethel alleged that the Siferds negligently failed to repair their sidewalk after they were put on notice by the City of Lima that a section of the sidewalk was raised two inches above an adjoining section, creating a hazardous condition that was the direct and proximate cause of her fall and resulting injuries.

{¶3} In that same month, the Siferds filed their answer, denying the allegations set forth in Bethel's complaint and asserting that the sidewalk's defect was open and obvious.

---

[1] Although Bethel and her husband, Paul, were named as plaintiffs in the present action, only Bethel filed a notice of appeal with this Court. Consequently, this Court does not have jurisdiction over Paul's claims. Thus, the same will not be considered in this opinion.

{¶4} In May 2010, Bethel testified, via deposition, that she and Paul are residents of Sidney, Ohio. On a sunny June 5, 2009, Bethel and her daughter, Victoria Carnes, were in Lima visiting a family member hospitalized at St. Rita's Medical Center. After visiting their family member, Bethel and Victoria decided to visit the Lima Mall ("Mall"). Bethel's route to the Mall took her down Market Street. As Bethel drove down Market Street, she caught sight of a garage sale sign. Bethel decided to visit the garage sale, which was located at the Siferds' residence. After parking on Market Street, Bethel and Victoria walked on the sidewalk towards the garage sale. Victoria walked behind Bethel. As Bethel approached the garage sale her attention was focused on the sale's merchandise, which she admitted "I shouldn't have done probably." Bethel's Depo. Tr., pp. 53-54. Despite having focused her attention on the sale, Bethel was aware of a bicyclist riding on the sidewalk towards her. Bethel, however, testified that she was not distracted by the bicyclist, nor did she contend that the bicyclist's presence was an attendant circumstance. With her attention focused on the sale, Bethel continued walking down the sidewalk when her foot caught a ledge in the sidewalk causing her to trip and fall to the ground. As a result of her fall Bethel broke her wrist.

{¶5} Bethel continued that the ledge in the sidewalk was the result of a section of sidewalk being elevated higher than an adjoining section. Bethel further testified that she had never walked down that sidewalk prior to the accident; that

her attention was focused on the sale in an attempt to determine whether she wanted to visit it; that she did not see the ledge prior to her fall; and, that she could not recall whether there was anything that would have obstructed her view of the ledge.

{¶6} In that same month, Victoria testified, via deposition, that she and Bethel were in Lima and decided to visit the Mall. On their way to the Mall, Bethel decided to stop at a garage sale on Market Street. Victoria testified that she and Bethel walked down the sidewalk towards the garage sale, and that she walked behind Bethel. Victoria continued that as she and Bethel approached the garage sale, Bethel's attention was focused on the sale; that she (Victoria) saw the ledge in the sidewalk before Bethel tripped on it; that nothing impeded her view of the ledge as she approached it; that she attempted to warn Bethel of the ledge; and, that Bethel tripped on the ledge.

{¶7} In October 2010, the Siferds filed a motion for summary judgment, arguing that there were no genuine issues of material fact. Specifically, the Siferds argued that the ledge was an open and obvious hazard, and, in the alternative, the hazard was insubstantial as a matter of law pursuant to the "two inch rule" recited in *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319. In support of their motion, the Siferds filed pictures of the sidewalk where Bethel tripped, a notice from the City of Lima concerning the ledge in the sidewalk, and affidavits of Laura and Larry Siferd, and Austin Klaus, co-counsel for the Siferds. Larry's

affidavit asserted that the ledge, on which Bethel tripped, measured one and a half inches at its highest point.

{¶8} In that same month, Bethel filed a memorandum in opposition to the Siferds' motion for summary judgment, contending, in pertinent part, that genuine issues of material fact existed as to whether there were attendant circumstances surrounding her accident that were sufficient to rebut the "two inch rule's" presumption that deviations in a walkway measuring less than two-inches in height are insubstantial and not actionable; and whether the same attendant circumstances negated the open and obvious nature of the ledge.

{¶9} In November 2010, the trial court granted summary judgment in favor of the Siferds. Specifically, the trial court found that Bethel's attention on the garage sale, her unfamiliarity with the sidewalk, and the foot traffic on the sidewalk were attendant circumstances that created an issue of material fact as to whether the "two inch rule's" presumption was rebutted.[2] However, the trial court also found that there were no issues of material fact as to whether the ledge was an open and obvious hazard, and on that basis granted summary judgment in favor of the Siferds.

{¶10} It is from the trial court's grant of summary judgment that Bethel appeals, presenting the following assignment of error for our review.

---

[2] There is a rebuttable presumption under the two-inch-rule that provides that attendant circumstances can render a presumptively insubstantial defect, i.e., a difference in elevation in a sidewalk or walkway that is less than two-inches high, a substantial defect. *Kimball v. Cincinnati* (1953), 160 Ohio St. 370; *Cash,* supra.

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE DEFECT WHICH CAUSED APPELLANT'S INJURY WAS OPEN AND OBVIOUS.**

{¶11} In her sole assignment of error, Bethel argues that the trial court erred in granting summary judgment to the Siferds. Specifically, Bethel contends that there were attendant circumstances surrounding her trip and fall that are sufficient to create an issue of material fact as to whether the ledge was an open and obvious hazard. We disagree.

### *Standard of Review*

{¶12} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed.*, 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion

and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." Id. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.

{¶13} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. Id.; Civ.R. 56(E).

*Analysis*

{¶14} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285. At common law, the legal duty owed by a landowner to one who enters upon his land was contingent upon the status of the entrant: trespasser, licensee, or invitee. *Shump v. First Continental-Robinwood Assoc.,* 71 Ohio St.3d 414, 417, 1994-Ohio-427. "Business invitees are persons who come upon the premises of another,

-7-

by invitation, express or implied, for some purpose which is beneficial to the owner." *Neumeier v. Lima,* 3d Dist. No. 1-05-23, 2005-Ohio-5376, ¶13, quoting *Light v. Ohio University* (1986), 28 Ohio St.3d 66, 68. The duty of care owed by a landowner to a business invitee is to exercise ordinary care to keep the premises in a reasonably safe condition so as to not expose the individual to any unnecessary or unreasonable risks of harm. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, citing *Campbell v. Hughes Provision Co.* (1950), 153 Ohio St. 9. However, a landowner does not owe invitees a duty to warn of any dangers on his property which are open and obvious. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, ¶5. More specifically, a pedestrian must use reasonable care to detect and avoid open and obvious defects. *Shepard v. Cincinnati*, 168 Ohio App.3d 444, 2006-Ohio-4286, ¶27; *Grossnickle v. Germantown* (1965), 3 Ohio St.2d 96.

{¶15} The open and obvious doctrine "acts as a complete bar to any negligence claims." *Armstrong*, 2003-Ohio-2573, at ¶5. The justification for the doctrine is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 1992-Ohio-42.

{¶16} In most situations, whether a danger is open and obvious presents a question of law. See *Lang v. Holly Hill Motel*, 4th Dist. No. 06CA18, 2007-Ohio-3898, ¶23, citing *Hallowell v. Athens,* 4th Dist. No. 03CA29, 2004-Ohio-4257, ¶21, and *Nageotte v. Cafaro Co.,* 6th Dist. No. E-04-15, 2005-Ohio-2098, ¶28. There may, however, be situations where disputed facts may exist regarding the openness and obviousness of a hazard, possibly creating an issue of material fact. *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. No. 08CA41, 2009-Ohio-4542, ¶29; *Lang*, 2007-Ohio-3898, at ¶23. One of those situations involves the existence of attendant circumstances.

{¶17} Attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger. *Aycock v. Sandy Valley Church of God,* 5th Dist. No. 2006 AP 09 0054, 2008-Ohio-105, ¶26, citing *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 499. An attendant circumstance is usually an active event as opposed to a static condition.

{¶18} An attendant circumstance has been defined as follows:

**"[A] factor that contributes to the fall and is beyond the control of the injured party. \* \* \* The phrase refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. \* \* \* However, '[b]oth circumstances contributing to and those reducing the risk of the defect must be considered.'"**

*Williams v. Lowe's of Bellefontaine,* 3d Dist. No. 8-06-25, 2007-Ohio-2045, ¶18, quoting *Benton v. Cracker Barrel Old Country Store, Inc.,* 10th Dist. No. 02AP-1211, 2003-Ohio-2890, ¶17, quoting *Sack v. Skyline Chili, Inc.,* 12th Dist. No. CA2002-09-101, 2003-Ohio-2226, ¶20.

{¶19} Turning to the present case, we first consider whether the ledge was an open and obvious hazard. Determination of whether a particular hazard is open and obvious does not revolve around the plaintiff's peculiar sensibilities or whether the plaintiff actually observed the danger. See *Lang*, 2007-Ohio-3898, at ¶25. Instead, the question is whether, under an objective standard, the danger would have been discernible to a reasonable person. *Ray*, 2009-Ohio-4542, ¶22, citing *Lang*, 2007-Ohio-3898 at ¶25. In applying this objective standard we first consider the hazard itself. See, generally *Lowe's of Bellefontaine*, 2007-Ohio-2045 (This Court first considered the nature of the hazard itself, finding it to be open and obvious, and then addressed whether there were attendant circumstances which obviated the open and obvious nature of the hazard.); *Riehl v. Bird's Nest, Inc.*, 6th Dist. No. OT-09-003, 2009-Ohio-6680; *Melvin v. Badger School Dist. Bd. of Edn.*, 11th Dist. No. 2007-T-0056, 2007-Ohio-6403. If the hazard itself is not objectively open and obvious we need not reach the issue of whether attendant circumstances "unreasonably increased the normal risk" of the hazard.

{¶20} Based on the record, we find, as a preliminary matter, that the ledge in the sidewalk was an open and obvious hazard. June 5, 2009, was a sunny day.

The ledge at its highest point was one and a half inches above the adjoining section of sidewalk. The ledge was not camouflaged by foliage, debris, or the like. Moreover, Victoria's testimony that she attempted to warn Bethel of the ledge demonstrates that the raised portion of the ledge was obvious. Based on these simple facts we find that reasonable minds could come to but one conclusion, that the ledge was an open and obvious hazard.

{¶21} Having found that the ledge was an open and obvious hazard, we must next consider whether the allegedly attendant circumstances unreasonably increased the normal risk of the hazard. In doing so we must consider whether the circumstances alleged to have existed at the time of Bethel's fall were sufficient to distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the ledge. See *Aycock*, supra.

{¶22} In her appellate brief, Bethel cites three allegedly attendant circumstances which she contends obviate the open and obvious nature of the ledge: (1) the garage sale diverted her attention from the sidewalk; (2) she had not previously traversed that sidewalk; and, (3) the Siferds were on notice of the alleged defect. Upon review of the record, we note that Bethel did not originally

cite the Siferds' notice of the ledge as an attendant circumstance.[3]  Rather, Bethel, in her motion in opposition, cited foot traffic on the sidewalk as an attendant circumstance, a fact reflected in the trial court's judgment entry.  Consequently, we will address whether foot traffic on the side walk was an attendant circumstance.

{¶23} Bethel contends that the trial court should have relied on *Heckman v. Mayfield Country Club*, 8th Dist. No. 88941, 2007-Ohio-5330.  In *Heckman*, Mrs. Heckman brought suit against a private club as a result of a trip and fall accident, which took place in the threshold of the club's main entrance.  Mrs. Heckman was a guest at a wedding held at the club.  Mrs. Heckman proceeded through the club's main entrance carrying a present.  Upon opening the door, Mrs. Heckman's attention was drawn toward the wedding party standing in the foyer immediately beyond the vestibule.  As she stepped into the vestibule, she either caught her right shoe on the raised threshold of the door or hit the threshold with her foot, injuring her foot.  The facts of the case also revealed that:

> **Mrs. Heckman described the threshold as "not a step, and it's not a flat surface like many thresholds are where you walk across them. It is a strange situation in between."  She testified**

---

[3] In her appellate brief, Bethel contends that the Siferds' notice of the ledge was an attendant circumstance. The Siferds argue that notice of an otherwise open and obvious hazard does not constitute an attendant circumstance.  In *Humphries v. C.B. Richard Ellis, Inc., B & C Mortgage*, 10th Dist. N. 05AP-483, 2005-Ohio-6105, the Tenth District Court of Appeals found prior notice of an open and obvious hazard did not constitute an attendant circumstance.  See, also, *Blain v. Cigna Corp.*, 10th Dist. No. 02AP-1442, 2003-Ohio-4022, but see *Turner v. Burkons*, 8th Dist. No. 61406, 1992 WL 354841.  We find *Humphries* and *Blain* persuasive on the issue of whether notice of an open and obvious defect constitutes an attendant circumstance.  Whether the Siferds were on notice of the ledge does not detract from the open and obvious nature of the ledge, nor does it increase the ledge's danger.  Consequently, we would find that the Siferds' notice of the ledge would not constitute an attendant circumstance.

**that she "ha[d] never seen anything like it in my entire life." She testified that as she approached the closed door of the Club, the threshold was "flush" was (sic) the door and appeared to be "part of the door." Pictures submitted by the Heckmans demonstrate that both the door and the threshold are dark brown and the threshold is approximately 1-1/8″ high. There was no artificial lighting in the vestibule immediately beyond the door and the lighting in the vestibule was dim.**

*Heckman*, 2007-Ohio-5330, at ¶3.

{¶24} Based on these facts the trial court granted summary judgment in favor of the club finding that the raised threshold was an open and obvious hazard. On appeal, the court of appeals reversed the trial court's judgment. In reversing, the court of appeals listed several circumstances, which it found to create an issue of material fact as to whether the raised threshold was an open and obvious hazard. The court of appeals cited Mrs. Heckman's testimony that she had never seen anything like the threshold prior to encountering it; that the evidence revealed that Mrs. Heckman could not have observed the height deviation because the door was closed as Mrs. Heckman approached it; that the threshold was flush with the door and the same color as the door; that the lighting in the vestibule was dim; and, that Mrs. Heckman's attention was drawn to the wedding party. *Heckman*, 2007-Ohio-5330, at ¶12. Many of the facts relied upon by the court of appeals to reverse the trial court's grant of summary judgment do not exist in, or are distinguishable from, the present case, i.e., the accident occurred in a building, a door covered the raised threshold preventing Mrs. Heckman from seeing it, and

the lighting was dim. Based on these differences we find *Heckman* to be readily distinguishable from the present case.

{¶25} We find the factual scenario in *Dobranchin v. City of Canfield*, 7th Dist. No. 07 MA 119, 2008-Ohio-4968, to be more akin to the facts of the present case. In *Dobranchin*, Mrs. Dobranchin brought suit against the Balciars and other defendants as a result of a trip and fall accident, which took place on a section of sidewalk located on the Balciar's property. Mrs. Dobranchin was visiting a neighborhood garage sale on a sunny day. Several garage sales were taking place along the street, including one at the Balciar's residence. Mrs. Dobranchin was walking on a section of sidewalk located on the Balciar's property, with her attention focused on the garage sales and not the sidewalk. As Mrs. Dobranchin continued down the sidewalk she tripped on a water shutoff valve located in the sidewalk.[4] Mrs. Dobranchin admitted that had she focused her attention on the sidewalk she would have seen the valve. Based on these facts, the trial court granted the Balciars summary judgment and the court of appeals affirmed, finding that the valve was an open and obvious hazard, and that her failure to look where she was walking did not obviate the open and obvious nature of the valve. Id. at ¶33.

---

[4] Although the record in *Dobranchin* apparently was devoid of the exact difference in height between the valve and the sidewalk, it was presumed that the difference in height between the valve and sidewalk was less than two inches.

**{¶26}** Like Mrs. Dobranchin, Bethel chose to focus her attention on the Siferds' garage sale, rather than the sidewalk, a choice she admitted was not wise. See Bethel's Depo. Tr., pp. 53-54. There is a paramount duty upon a pedestrian to look where he or she is walking. See *Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App.3d 155, 158; *Lydic v. Lowe's Cos., Inc.,* 10th Dist. No. 01AP-1432, 2002-Ohio-5001, citing *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1. If the pedestrian exercises the option to focus his or her attention on a garage sale rather than on the surface upon which he or she is traveling, then the pedestrian abandons the duty to look. See *Backus*, 115 Ohio App.3d at 158. Here, Bethel simply abandoned her duty to look. There was nothing unusual about the garage sale that would have commanded the attention of an ordinary pedestrian, and thus possibly constitute an attendant circumstance. See *Stewart v. AMF Bowling Ctrs., Inc.*, 3d Dist. No. 5-10-16, 2010-Ohio-5671, ¶15, citing *McGuire*, 118 Ohio App.3d at 498. By all accounts the Siferds were operating a standard garage sale. Nevertheless, Bethel chose to focus her attention on the garage sale to determine whether she wanted to patronize the sale. Bethel's choice was completely volitional and not beyond her control. Consequently, we find that Bethel's choice to focus her attention on the garage sale rather than the sidewalk does not constitute an attendant circumstance.

**{¶27}** Similarly, the fact that Bethel had never traversed the sidewalk prior to her accident does not constitute an attendant circumstance. Ledges, cracks, and

lips in sidewalks and other paved surfaces are common hazards faced by millions of pedestrians each day. For this reason, pedestrians have a duty to look where they are walking. *Backus*, supra; *Lydic*, supra. This duty is only heightened where a pedestrian traverses a location, such as a sidewalk, which is unfamiliar to him or her. Here, Bethel, knowing that she had never walked down the sidewalk on the Siferds' property, chose to focus her attention on the garage sale rather than on the unfamiliar sidewalk that lay ahead. Comparatively, Victoria, who we can only assume had never walked down the same sidewalk, apparently focused on the sidewalk, because she caught sight of the ledge immediately preceding Bethel's accident. Had Bethel exercised the same care as Victoria she too, despite her unfamiliarity with the sidewalk, would have in all likelihood avoided the ledge. See *Lydic*, 2002-Ohio-5001, at ¶10 (found no duty to exist where plaintiff could have seen the condition if he or she had looked). Consequently, we find that Bethel's unfamiliarity with the sidewalk does not constitute an attendant circumstance.

{¶28} Additionally, Bethel contends that foot traffic on the sidewalk constituted an attendant circumstance. The record, however, contains no testimony that foot traffic on the sidewalk at the time of Bethel's accident was unusual, heavy, distracting, or a reason not to pay attention to where she was walking. The only activity on the sidewalk during Bethel's accident was a bicyclist who was approaching Bethel on the sidewalk from the opposite direction.

However, this cannot be considered an attendant circumstance based on Bethel's own admission that she was not distracted by nor did she adjust her course as a result of the oncoming bicyclist. Consequently, there is no factual support that foot traffic on the sidewalk constituted an attendant circumstance.

{¶29} When viewing the allegedly attendant circumstances together, we find that their combined effect would not distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the ledge. Accordingly, when construing the facts in favor of Bethel, we find that reasonable minds could only conclude that the ledge was an open and obvious hazard, and that there were no attendant circumstances which lessened the open and obvious nature of the ledge.

{¶30} Finally, Bethel argues that the trial court erred in granting summary judgment when it found that a genuine issue of material fact existed as to whether the allegedly attendant circumstances rebutted the presumption of the "two inch rule." Specifically, Bethel argues that the trial court failed to acknowledge those same attendant circumstances when it addressed whether the ledge was an open and obvious hazard. Having found that there were no attendant circumstances surrounding Bethel's trip and fall and that the defect was open and obvious, we disagree. Furthermore, any application of the two-inch-rule is rendered moot by our findings pertaining to the open and obvious doctrine.

{¶31} Although both the two-inch-rule and open and obvious doctrine can relieve a landowner of a duty to warn of certain potential hazards, they are not the same. See *Gates v. Speedway Superamerica, L.L.C.*, 8th Dist. No. 90563, 2008-Ohio-5131, fn. 5, citing *Henry v. Marriott Hotel Services, Inc.,* 2nd Dist. No. 19653, 2003-Ohio-4840; *Cramer v. McCray*, 2nd Dist. No. 20791, 2005-Ohio-5507, ¶8. Accordingly, application of each involves a separate determination as to whether there are genuine issues of material fact which preclude the granting of summary judgment on the basis of either the two-inch-rule or the open and obvious doctrine. Where there are no issues of material fact with regard to the applicability of the open and obvious doctrine but issues of material fact with regard to the two-inch-rule, or vice versa, there is no need to consider the other. Consequently, the trial court's granting of summary judgment based on the open and obvious doctrine and our affirmance thereof, albeit through a separate analysis,[5] renders any consideration of the two-inch-rule moot.

{¶32} Accordingly, we overrule Bethel's sole assignment of error.

{¶33} Having found no error prejudicial to Bethel herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

---

[5] Although our legal analysis differs from that of the trial court, "a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination." *Diamond Wine & Spirits, Inc.*, 2002-Ohio-3932, at ¶25.