[Cite as *Heydinger v. Golden Giant, Inc.*, 2021-Ohio-1358.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

CHAD HEYDINGER,

    PLAINTIFF-APPELLANT,

    CASE NO. 6-20-12

    v.

GOLDEN GIANT, INC.,

    **O P I N I O N**

    DEFENDANT-APPELLEE.


Appeal from Hardin County Common Pleas Court
Trial Court No. 2017 CR 164

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: April 19, 2021**


APPEARANCES:

    *Jeff Ratliff* **for Appellant**

    *John M. Tudor* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Chad Heydinger ("Heydinger"), appeals the April 30, 2020 judgment of the Hardin County Court of Common Pleas granting (partial) summary judgment in favor of defendant-appellee, Golden Giant, Inc. ("Golden Giant"). For the reasons that follow, we affirm in part and reverse in part.

{¶2} This case stems from Heydinger's employment with Golden Giant. As a sales representative and contracted employee of Golden Giant, Heydinger's employment was governed by Golden Giant's Sales and Marketing Employment Policy (the "policy"). The policy sets forth Golden Giant's compensation policy. At the conclusion of his employment with Golden Giant, Heydinger alleged that he was due commission from six projects: 1) Farmers Equipment; 2) Westminster United Methodist Church; 3) Murphy Industries; 4) R&L Trucking; 5) Post-Agri Services; and 6) Brian Miller.

{¶3} On September 4, 2019, Heydinger filed a complaint for payment of commissions due sales representative under R.C. 1335.11, unjust enrichment, and quantum meruit.[1] (Doc. No. 1). (*See also* Appellant's Brief at 1). Golden Giant filed an answer on October 3, 2019. (Doc. No. 6).

{¶4} Golden Giant filed a motion for summary judgment on February 3, 2020 in which it argued that there is no genuine issue of material fact that Heydinger

---

[1] Heydinger originally filed his complaint in 2018, which he voluntarily dismissed.

is not entitled to any commissions of which he is claiming because he did not satisfy the terms of the policy for those commissions to be due. (Doc. No. 14). On March 4, 2020, Heydinger filed a memorandum in opposition to Golden Giant's motion for summary judgment in which he argued that there remains a genuine issue of material fact as to whether he complied with the terms of the policy, which entitled him to the commissions on the six projects. (Doc. No. 17).

{¶5} On April 7, 2020, the trial court conducted a hearing during which it permitted the parties to present oral arguments relevant to Golden Giant's motion for summary judgment. (*See* Doc. No. 21); (Apr. 7, 2020 Tr. at 1). On April 20, 2020, the trial court granted summary judgment in favor of Golden Giant (in part) and denied summary judgment (in part) as to Heydinger's payment-of-commissions-due-sales-representative claim. (Doc. No. 21). Specifically, the trial court concluded that no genuine issue of material fact remained as to five of the six projects of which Heydinger alleged he was entitled commission—namely, the Farmers Equipment, Westminster United Methodist Church, Murphy Industries, R&L Trucking, and Post-Agri Services projects. (*Id.*).

{¶6} The case proceeded to a bench trial on July 28, 2020. (Doc. No. 37); (July 28, 2020 Tr. at 1). On July 30, 2020, the trial court concluded that Heydinger was entitled to commission as to the Brian Miller project as alleged under his payment-of-commissions-due-sales-representative claim but further concluded that

-3-

any commission due was offset by materials purchased by Heydinger from Golden Giant prior to his termination. (Doc. No. 37). Because the trial court concluded that Heydinger's commission was offset by his purchases, the trial court dismissed Heydinger's payment-of-commissions-due-sales-representative claim without awarding him a judgment against Golden Giant. (*Id.*).

{¶7} Although the trial court did not address the merits of Heydinger's unjust-enrichment or quantum-meriut claims, and those claims remain pending, the trial court certified that there is no just reason for delay under Civ.R. 54(B). (*Id.*). Thus, on August 28, 2020, Heydinger filed a notice of appeal. (Doc. No. 33). He raises two assignments of error, which we will discuss together.

**Assignment of Error No. I**

**The Trial Court Erred When It Failed to Construe the Evidence in Heydinger's Favor When It Granted Golden Giant's Motion for Summary Judgment.**

**Assignment of Error No. II**

**The Trial Court Erred When It Relied on Evidence Not in the Record to Grant Golden Giant's Motion for Summary Judgment.**

{¶8} In his assignments of error, Heydinger argues that the trial court erred by granting summary judgment in favor of Golden Giant as to the Farmers Equipment, Westminster United Methodist Church, Murphy Industries, R&L Trucking, and Post-Agri Services projects alleged in his payment-of-commissions-due-sales-representative claim. In particular, Heydinger argues under his first

-4-

assignment of error that genuine issues of material fact remain as to whether he was entitled to receive commission in conjunction with those five projects. Heydinger specifically argues under his second assignment of error that the trial court improperly relied on evidence submitted by Golden Giant to grant summary judgment in favor of Golden Giant as to the Post-Agri Services project.

*Standard of Review*

{¶9} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶10} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is

not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

{¶11} Heydinger argues under his first assignment of error that the trial court erred by granting summary judgment in favor of Golden Giant as to the Farmers Equipment, Westminster United Methodist Church, Murphy Industries, R&L Trucking, and Post-Agri Services projects alleged in his payment-of-commissions-due-sales-representative claim because genuine issues of material fact remain as to whether he was entitled to receive a commission in conjunction with those five projects under the compensation policy.

{¶12} In order to determine whether the trial court erred in granting summary judgment in favor of Golden Giant as to Heydinger's payment-of-commissions-due-sales-representative claim, we must interpret the terms of the policy. Because it is a matter of contract interpretation, our role is to give effect to the intent of the parties when confronted with an issue of contract interpretation. *Reinhart v. Fostoria Plumbing, Heating & Elec. Supply, Inc.*, 3d Dist. Seneca No. 13-10-08, 2010-Ohio-4825, ¶ 16, citing *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention*

*Facilities Auth.*, 78 Ohio St.3d 353, 361 (1997). "Courts presume that the intent of the parties to a contract resides in the language they chose to employ in the contract." *Judson v. Lyendecker*, 10th Dist. Franklin No. 12AP-615, 2013-Ohio-1060, ¶ 12, citing *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus. "Ordinary words in a written contract must be 'given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.'" *Nippon Life Ins. Co. of Am. v. One Source Mgt., Ltd.*, 6th Dist. Lucas No. L-10-1247, 2011-Ohio-2175, ¶ 22, quoting *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph two of the syllabus.

{¶13} "'If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.'" *Barhorst, Inc. v. Hanson Pipe & Prods. Ohio, Inc.*, 169 Ohio App.3d 778, 2006-Ohio-6858, ¶ 10 (3d Dist.), quoting *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984). In that case, we apply a de novo standard of review. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, ¶ 38, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995).

{¶14} Here, the policy is clear and unambiguous. The portion of the policy at issue is as follows:

## GOLDEN GIANT SALES COMPENSATION POLICY

A.   You, as a Sales Representative, will work on a salary plus commission basis.  All commissions will be paid on the basis of firm contracts and in accordance with the "SALES COMPENSATION POLICY."  Firm contracts are those with qualifying deposits, signed original contracts, and completed paperwork that is in-house and **approved by management.**

(Emphasis sic.).  (Doc. No. 1, Ex. 2).  The terms of the policy define "qualifying deposit"; "signed original contract"; and "completed paperwork" as follows:

J.   All sales are subject to the following and are not considered a sale until:

1.  Management receives an original signed contract that has been properly executed and is accompanied by **ALL** completed paperwork as required by management (to include all quotes, correspondence and pictures of the job site and/or building we are attaching to).  This includes an acceptable **DEPOSIT.**

2.  All orders must have corporate approval.  Any deviation from Company policy must have prior approval before execution of the contract with the customer.

3.  All orders are C.O.D. unless other arrangements have been approved by management.

K.   Each contract agreement **MUST BE** accompanied by a deposit (% determined by management).  A higher deposit will be required for non-standard or custom projects.  You are responsible to obtain the deposit, all monies due or that may become due, addendums, and/or any additional charges.  This must be done on a timely basis.

(Emphasis sic.)  (*Id.*).

{¶15} The policy clearly and unambiguously reflects that commissions are paid on the basis of firm contracts as described by the compensation-policy section of the policy. Likewise, the compensation-policy section clearly and unambiguously defines a firm contract as a contract which includes "qualifying deposits, signed original contracts, and completed paperwork." (*Id.*). Further, the policy clearly and unambiguously defines "qualifying deposits," "signed original contracts," and "completed paperwork."

{¶16} Based on the clear and unambiguous language of the policy, we conclude that there is no genuine issue of material fact that Heydinger did not present Golden Giant a firm contract as to the Farmers Equipment, Westminster United Methodist Church, Murphy Industries, or R&L Trucking projects. Indeed, Heydinger testified that he did not obtain an original signed contract from Farmers Trucking, Westminster United Methodist Church, Murphy Industries, or R&L Trucking. (Heydinger Depo., Doc. No. 13 at 28, 30, 33, 36, 40). Further, Heydinger testified that he did not obtain a qualifying deposit from Farmers Equipment, Westminster United Methodist Church, Murphy Industries, or R&L Trucking. (*Id.* at 28-29, 32, 36-37, 40). Because there is no genuine issue of material fact that Heydinger did not present Golden Giant a firm contract as to the Farmers Equipment, Westminster United Methodist Church, Murphy Industries, or R&L

Trucking projects, the trial court did not err by granting summary judgment in favor of Golden Giant as to those four projects.

{¶17} Therefore, Heydinger's first assignment of error is overruled.

{¶18} In his second assignment of error, Heydinger argues that the trial court erred by granting summary judgment in favor of Golden Giant as to the Post-Agri Services project after relying on a "misrepresentation of Golden Giant's Motion for Summary Judgment" that "'in the Request for Admission (#18) submitted by [Heydinger] to [Golden Giant], and in the deposition of [Heydinger] * * * (pages 34-42) [Heydinger] admitted that he (1) Did not obtain a signed contract, nor did he (2) transmit a deposit for [the Post-Agri Services project].'"  (Appellant's Brief at 13, quoting Doc. No. 21).

{¶19} In response to Golden Giant's request for admission, Heydinger admitted question 18(e).  (Doc. No. 12).  Question 18(e) requested Heydinger to admit or deny the following:

> Of the projects which you referred to in your Complaint that were not completed by you but wrapped up by other company personnel: * * * (e) That on the Post-Agri Services building, you figured that you should receive 1% of the sales price would work out to $590.00 based on a sales price of $59,000.00.

(*Id.*).  Furthermore, Heydinger testified that he obtained a signed contract and a deposit from Post-Agri Services.  (Heydinger Depo., Doc. No. 13 at 44-45). Accordingly, based on our de novo review of the record, there is a genuine issue of

material fact that Heydinger presented Golden Giant a firm contract as to the Post-Agri Services project. Therefore, the trial court erred by granting summary judgment in favor of Golden Giant as to the Post-Agri Services project under Heydinger's payment-of-commissions-due-a-sales-representative claim.

**{¶20}** Heydinger's second assignment of error is sustained.

**{¶21}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error one, we affirm the judgment of the trial court. Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error two, we reverse the judgment of the trial court as to the Post-Agri Services project and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**