[Cite as *Kaiser v. Helbig*, 2022-Ohio-2999.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

ALICIA KAISER,

    PLAINTIFF-APPELLANT,               CASE NO. 14-22-10

    v.

HOLLY HELBIG, D.V.M., ET AL.         O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Union County Common Pleas Court
Trial Court No. 19CV0015

**Judgment Affirmed**

**Date of Decision: August 29, 2022**

APPEARANCES:

    *John P. Cocoran, Jr.* **for Appellant**

    *John A. Fiocca, Jr.* **for Appellee**

Case No. 14-22-10

**ZIMMERMAN, P.J.**

{¶1} Plaintiff-appellant, Alicia Kaiser ("Kaiser"), appeals from the March 18, 2022 judgment of the Union County Court of Common Pleas dismissing her claim for fraudulent misrepresentation against the defendants-appellees, Holly Helbig, D.V.M. ("Dr. Helbig"), Lebanon Equine Clinic, Inc., and Hawthorne Veterinary Clinic, L.L.C. (collectively "defendants"). For the reasons that follow, we affirm.

{¶2} The genesis of this case stems from verbal statements made by Dr. Helbig during a fitness examination of Varillus, a 14-year-old Chestnut Dutch Warmblood gelding. Kaiser purchased the horse for $43,000 in April 2016, and a few month later, the horse was euthanized for lameness.

{¶3} Kaiser filed her original civil action in Pennsylvania, but the matter was dismissed for want of personal jurisdiction. Then, Kaiser filed a civil action in Ohio.[1]

{¶4} Kaiser's complaint asserted claims for negligence, breach of contract, fraudulent concealment, and fraudulent misrepresentation. The trial court granted the defendants' motion for judgment on the pleading as to all four claims. Kaiser appealed the trial court's determination to this court. *See Kaiser v. Helbig, D.V.M.,*

---

[1] This court recited much of the factual and procedural background of this case in a previous appeal, and we will not duplicate those efforts here. *See Kaiser v. Helbig, D.V.M., et al.*, 3d Dist. Union No. 14-20-14, 2021-Ohio-887.

*et al.*, 3d Dist. Union No. 14-20-14, 2021-Ohio-887. We affirmed the trial court's judgment on the pleadings in favor of the defendants as to Kaiser's claims for negligence, breach of contract, and fraudulent concealment. *Id.* at ¶ 17. However, we reversed the trial court's determination as to Kaiser's fraudulent-misrepresentation claim and remanded the matter back to the trial court for further proceedings. *Id.* at ¶ 18.

{¶5} On January 3, 2022, the defendants' filed their motion for summary judgment in the trial court as to Kaiser's fraudulent-misrepresentation claim. (Doc. No. 44). Kaiser filed a memorandum in opposition to the defendants' motion. (Doc. No. 46). On March 18, 2022, the trial court granted the defendants' motion for summary judgment. (Doc. No. 56).

{¶6} Kaiser timely appeals and raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court erred in granting the Motion for Summary Judgment as to Count IV (Fraudulent Misrepresentation) of the Complaint, where a genuine issue of material fact as to whether the Veterinarian misrepresented the condition of the horse.**

{¶7} In Kaiser's sole assignment of error, she argues that the trial court erred in granting defendants' motion for summary judgment. Specifically, Kaiser asserts that a genuine issue of material fact remains as to whether Dr. Helbig made verbal statements contemporaneous with the fitness examination of the horse that represented the health and suitability of the horse differently than in her written

report.  Hence, Kaiser argues she relied upon that verbal representation (instead of the written report) to purchase a lame horse that ultimately had to be euthanized.

*Standard of Review*

**{¶8}** We review a decision to grant summary judgment de novo.  *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000).  "De novo review is independent and without deference to the trial court's determination."  *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.).  Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party.  Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

**{¶9}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact."  *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument."  *Id.*, citing *Dresher* at 292.  "The nonmoving party must then rebut with specific facts showing the existence of

a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

{¶10} Material facts are those facts "that might affect the outcome of the suit under the governing law." *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, citing *Anderson* 477 U.S at 251-252, 106 S.Ct. 2512.

*Analysis*

The elements of fraud are:

'(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.'

*Burris v. Romaker*, 71 Ohio App.3d 772, 776 (3d Dist.1991), quoting *Gaines v. Preterm Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶11} The central issue before us is whether the evidence below, when viewed in a light most favorable to Kaiser, establishes as a matter of law that no genuine issue of material fact exists concerning the elements of her (Kaiser's)

fraudulent-misrepresentation claim, and whether the absence of any such elements entitles the defendants to summary judgment.

{¶12} Because it is dispositive here, we need only address whether Dr. Helbig's verbal statements were made falsely and with the intent to mislead Kaiser into purchasing the horse. Importantly, Kaiser's memorandum in opposition to summary judgment failed to establish any genuine issue of material fact that Dr. Helbig *recommended* that Kaiser purchase the horse. Moreover, assuming, without deciding, that Dr. Helbig made the verbal statements that Kaiser asserts (and that are disputed by Dr. Helbig), Kaiser nevertheless failed to present any evidence to the trial court, as she is required to do by Civ.R. 56, reflecting that the horse was not healthy and suitable for Kaiser's intended use in April 2016.[2] Put more plainly– even though Kaiser's and Dr. Helbig's affidavits are in conflict as to the verbal statements of Dr. Helbig at the time of the fitness examination, such conflict, does not raise a genuine issue of material fact as to the horse's health and suitability in April 2016. Indeed, the record supports that the horse performed *well* (after the fitness examination was completed) in May 2016 taking five 1st place finishes, one 2d, one 3d, and one 4th place finish. Consequently, there is no genuine issue of material fact that Dr. Helbig made a *false* representation (during the fitness

---

[2] Kaiser purchased the horse for her daughter to ride at show-jumping events over hunter fences at a height between two feet six inches and three feet.

examination) material to Kaiser's purchase of the horse *with knowledge of its falsity* and with the *intent of misleading* her (Kaiser) into purchasing the horse.

**{¶13}** Accordingly, we conclude that there is no genuine issue of material fact that Dr. Helbig fraudulently misrepresented the horse's health and suitability in April 2016 to Kaiser. Thus, the trial court properly granted summary judgment in favor of the defendants as to Kaiser's fraudulent-misrepresentation claim.

**{¶14}** Accordingly, Kaiser's assignment of error is overruled.

**{¶15}** Having found no error prejudicial to the appellant in the particulars assigned and argued in her assignment of error, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**