OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, McCloud Drohn appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of appellee Cocca Development Ltd. in a negligence action. On appeal, Drohn argues that the trial court erred in granting summary judgment because genuine issues of material fact remain surrounding Drohn's status as a "discovered trespasser."
 {¶ 2} Upon review of the record, Drohn's argument lacks merit. Reasonable minds could only conclude that Drohn was an undiscovered trespasser, because there is no evidence that Cocca knew or should have known about Drohn's regular trespasses. As Drohn was an undiscovered trespasser, Cocca's only duty was to refrain from willful, wanton or reckless conduct which was likely to injure Drohn. Because there is no evidence that Cocca breached this duty, summary judgment was properly entered in its favor. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} Drohn's mother Margaret leased an apartment from Cocca. The apartment consisted of the downstairs unit of a duplex home located at 110 Bouquet Avenue in Youngstown. Cocca purchased this duplex in late 1999 or early 2000, and was responsible for managing the property. An unattached garage was located behind the duplex.
 {¶ 4} Margaret was not permitted to use the garage under the terms of her lease agreement with Cocca. Despite this, Margaret told Drohn that he could store his car in the garage. Drohn himself was never party to the lease agreement, and admits he never had permission from Cocca to store his property in the garage.
 {¶ 5} On September 16, 2003, Drohn came to the garage to check on his car, which he had stored inside. The garage had a manual door with a lever that could be used to lift it. Drohn attempted to lift the garage door, however it became stuck. Apparently, this had occurred in the past, however Drohn had always been able to lower the door slightly and then successfully lift it. This time, Drohn ducked into the garage and *Page 2 
looked at the inside of the door to check for any problems. He did not see any obstructions, and the wheels appeared to be in the tracks. Then, with his back facing the inside of the door, he attempted to lift it once more. As he lifted, the door came off track and struck him in the face, injuring him.
 {¶ 6} Thomas Neff, a Cocca maintenance crew chief, testified that his crew knew that the garage was unsafe. According to both Neff and Cocca's Director of Operations, Kelly Cocca, Margaret was notified that the garage was unsafe in late July or early August 2003. However, there is no evidence showing that Drohn was ever directly warned about the garage.
 {¶ 7} On one occasion, prior to the accident, Neff observed Drohn trying to store some of his belongings in the garage. Neff told Drohn that he was not permitted to store anything in there because he was not on the lease. Thereafter, Neff visited the duplex regularly to oversee maintenance projects and claims he never observed Drohn's car or other property inside the garage. Neff testified that he did observe Drohn's car at the property on one occasion, however, the car was parked in the driveway, not the garage. The only time Neff observed Drohn's car in the garage was after the accident, when he came to dismantle the garage door. Kelly Cocca testified that she was not aware that Drohn stored his car or other belongings inside the garage until after the accident.
 {¶ 8} Drohn maintains that he stored his car in the garage from June 2002 until soon after the accident occurred in September 2003. He also alleges that an unidentified Cocca lawn maintenance worker saw his car at the property and commented about how nice it was. However, Drohn failed to specify whether that worker actually observed Drohn's car in the garage when he made those comments.
 {¶ 9} In an affidavit, George Lopez, Margaret's then next-door neighbor, averred that he recalled Drohn's car "continuously being stored in the garage at 110 Bouquet Avenue from 1999 through approximately late 2003."
 {¶ 10} Drohn filed a complaint for negligence against Cocca Development in the Mahoning County Court of Common Pleas. Cocca filed a motion for summary judgment, to which Drohn replied. Within his brief in opposition to Cocca Development's motion for *Page 3 
summary judgment, Drohn indicated that he wished that document to also serve as his own motion for summary judgment. However, the trial court refused to entertain Drohn's motion for summary judgment because Drohn failed to obtain leave of court prior to making the untimely motion. The trial court granted Cocca's motion for summary judgment and dismissed the case.
 Standard of Review {¶ 11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ. R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v.Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304,733 N.E.2d 1186.
 {¶ 12} When moving for summary judgment, a party must produce some facts that suggest a reasonable fact-finder could rule in her favor.Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386,701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."Dresher v. Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107, 662 N.E.2d 264. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ. R. 56(C). Id. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293. *Page 4 
 Drohn's Legal Status as a Trespasser {¶ 13} In his sole assignment of error, Drohn argues:
 {¶ 14} "The Trial Court erred when granting Defendant-Appellee Cocca Development's Motion for Summary Judgment as genuine issues of material facts (sic) exist."
 {¶ 15} The trial court in this case entered summary judgment in favor of Cocca, and dismissed the case holding that (1) Drohn was a trespasser to whom Cocca only owed a duty to refrain from willful or wanton misconduct; and (2) there was no evidence that Cocca breached its duty to Drohn. On appeal, Drohn argues that there is a genuine issue of material fact surrounding his status as a trespasser. More specifically, he contends that reasonable minds could conclude that he was actually a "discovered trespasser," to whom a standard of ordinary care would apply.
 {¶ 16} It is well settled in Ohio, "that, under the common law of premises liability, the status of the person who enters the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant." Shump v.First Continental-Robinwood Assoc, 71 Ohio St.3d 414, 417,1994-Ohio-427, 644 N.E.2d 291. A landowner owes an invitee a duty of ordinary care, however with respect to licensees and trespassers a landowner's only duty is to refrain from willful, wanton or reckless conduct which is likely to injure the entrant. Gladon v. GreaterCleveland Regional Transit Auth., 75 Ohio St.3d 312, 318, 1996-Ohio-137,662 N.E.2d 287.
 {¶ 17} In certain situations, involving so-called "discovered trespassers," the duty owed is elevated to that of ordinary care. Id.; see also Hensley v. Salomone, 8th Dist. No. 84456, 2005-Ohio-187 at ¶ 24; Fath v. Mutual Oil Gas Co. (Sept. 6, 2000), 9th Dist. Nos. 19851, 19856, at 2. Drohn argues on appeal that the trial court erred in granting summary judgment in favor of Cocca, because he believes there are genuine issues of material fact about whether or not he was a "discovered trespasser."
 {¶ 18} "According to 2 Restatement of the Law 2d, Torts (1965), 184-207, Sections 333 to 339, a trespasser's status can be elevated to that of `discovered' trespasser in *Page 5 
situations involving the following facts: (1) constant trespassers and a latent active or artificial danger, (2) known trespassers, and (3) trespassing children." Fath at 2. Because there is no indication that Drohn was a child when he trespassed, only the first and second categories could potentially apply.
 "Known Trespassers" {¶ 19} The entrant becomes a "known trespasser," if the landowner "maintains a dangerous artificial condition or has immediate control of a force and knows that the trespasser is in dangerous proximity to it and will not appreciate the risk * * *." Id. at 3, quoting 2 Restatement of the Law 2d, Torts (1965), 185-189, Sections 334 and 335. In other words, when a landowner discovers a trespasser in a position of peril, he is required to use ordinary care to avoid injuring him. SeeGladon, 75 Ohio St.3d at 318; Cole v. New York Cent. RR. Co. (1948),150 Ohio St. 175, 185, 37 O.O. 459, 80 N.E.2d 854.
 {¶ 20} For example, in Cole, a pedestrian discovered a boy lying unconscious on the defendant's railroad tracks, and notified an employee of the defendant. The pedestrian and the employee then descended to a point near where the boy was lying. However, the employee made no attempt to help the boy and returned to his signal tower, despite his knowledge that one of the defendant's trains would likely pass over the tracks upon which the boy was lying. The boy in Cole was a "known trespasser" to which the defendant railroad owed a duty of ordinary care. Cole, 150 Ohio St. at 198.
 {¶ 21} By contrast, in the case at hand there are no facts indicating that Cocca knew or should have known about Drohn's presence in the garage at the time the accident occurred. Thus, the "known trespasser" category cannot apply. "Constant trespassers and a latent active or artificial danger"
 {¶ 22} This category applies when a landowner "knows or has reason to know that trespassers `constantly' intrude upon a limited area of the property where the owner either carries on a dangerous activity or has created or maintained an artificial condition that he has reason to know is dangerous and that the danger will not be discovered or appreciated by the intruders." Fath at 3, quoting 2 Restatement of the Law 2d, Torts (1965) 185-189, Sections 334 and 335; see also Whitener v. FirwoodInvestment Co. *Page 6 
(Sept. 13, 1995), 2d Dist. No. 14938 at 3; Hensley at ¶ 27. Further, the trespasses must have been intentional, Barnett v. Carr (Sept. 17, 2001), 12th Dist. No. CA2000-11-219, at 6, and in the immediate vicinity of the danger, Fath at 4.
 {¶ 23} In the case at hand, there is no evidence that Cocca knew or had reason to know that Drohn regularly trespassed in the garage. Neff, a Cocca employee, did see Drohn in the garage one time but warned him not to store his belongings there because he was not on the lease. Thereafter, Neff visited the property numerous times but never saw Drohn's car or other belongings in the garage. Neff admits that he saw Drohn's car parked in the driveway on one occasion, however, the only time Neff saw the car in the garage was after the accident. Further, Kelly Cocca, Cocca's Director of Operations testified that she was not aware that Drohn stored his car or other belongings inside the garage, until after the accident.
 {¶ 24} In support of his assertion that material facts exist which preclude summary judgment on the issue of his status, Drohn presents an affidavit from Margaret's then next-door neighbor stating that he recalled Drohn's car "continuously being stored in the garage at 110 Bouquet Avenue from 1999 through approximately late 2003." However, even taking the neighbor's assertions as true, his knowledge cannot be imputed to Cocca. Drohn also maintains that an unidentified lawn worker from Cocca saw Drohn's car and commented on its niceness. However, Drohn does not indicate whether that worker ever saw the car inside the garage. In order to elevate Drohn to a discovered trespasser he would have to show that Cocca knew or should have known about his regular trespasses. See, e.g., Hensley at ¶ 27. The evidence does not support such a finding.
 {¶ 25} Because the evidence demonstrates that Drohn was an undiscovered trespasser, Cocca only owed Drohn a duty to refrain from willful, wanton or reckless conduct which was likely to injure him.Gladon, 75 Ohio St.3d at 318.
 {¶ 26} "Willful conduct `involves an intent, purpose or design to injure. Wanton conduct occurs when one `fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result." Id. at 319 (internal citations omitted). *Page 7 
 {¶ 27} In the case at hand, there is no evidence that Cocca engaged in willful, wanton or reckless conduct which was likely to injure Drohn. Moreover, Drohn does not argue such on appeal.
 Conclusion {¶ 28} Because reasonable minds could only conclude that Drohn was an undiscovered trespasser, and there is no evidence that Cocca engaged in willful, wanton or reckless conduct which was likely to injure Drohn, summary judgment in favor of Cocca was proper. Accordingly, Drohn's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs. *Page 1