[Cite as *Hough v. Plaza St. Fund 64, L.L.C.*, 2024-Ohio-1847.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

MELANIE HOUGH, ET AL.,

    PLAINTIFFS-APPELLANTS,

  v.

PLAZA STREET FUND 64, LLC, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 5-23-45

O P I N I O N

Appeal from Hancock County Common Pleas Court
Trial Court No. 2021 CV 00231

**Judgment Affirmed**

**Date of Decision:  May 13, 2024**

**APPEARANCES:**

    *Rafael Ramirez* **for Appellants**

    *Jack R. Diedrick* **for Appellees, Plaza Street Fund, 64, LLC, Plaza Street Partners, LLC, and The Delventhal Company**

    *Dane A. Lupo, Jr.* **for Appellees, Kyle J. Sherman and Kyle J. Sherman Excavating, LLC**

**ZIMMERMAN, J.**

{¶1} Plaintiffs-appellants, Melanie Hough ("Melanie") and David Hough ("David") (collectively, "the Houghs"), appeal the August 29, 2023 judgment of the Hancock County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Plaza Street Fund 64, LLC ("Plaza Street Fund"), Plaza Street Partners, LLC ("Plaza Street Partners"), The Delventhal Company ("Delventhal"), Kyle J. Sherman ("Sherman"), and Kyle J. Sherman, Excavating, LLC ("Sherman Excavating") (collectively, "defendants"), and dismissing the Houghs' complaint. For the reasons that follow, we affirm.

{¶2} This case stems from an incident on August 17, 2019 during which Melanie slipped and fell in a "trench" located on a property, which was under construction, owned by Plaza Street Fund ("the property"). Plaza Street Fund hired Delventhal to manage renovation of the property, and Delventhal hired Sherman Excavating to remove a curb situated around the property.

{¶3} On the day of Melanie's accident, the Houghs elected to ride their bicycles through the property to more easily access an ice cream shop. The Houghs observed the hazards of the property, including the trench, and successfully traversed it on their trip to the ice cream shop. However, Melanie was injured during her return trip through the property. Because of her awareness of the trench, Melanie stopped her bicycle as she approached the trench and attempted to walk her

bicycle (while straddling it) across the trench when she slipped and fell and was injured.

**{¶4}** On August 12, 2021, the Houghs filed a complaint alleging negligence and loss of consortium against Plaza Street Fund and Delventhal. Plaza Street Fund and Delventhal filed their answer on September 10, 2021.

**{¶5}** On November 19, 2021, the Houghs filed a motion for leave to file an amended complaint instanter, which the trial court granted on November 23, 2021. The Houghs' amended complaint alleged their negligence and loss-of-consortium claims against Plaza Street Fund and Delventhal but also named Sherman Excavating as a defendant. Plaza Street Fund and Delventhal filed their answer to the Houghs' amended complaint on December 13, 2021. Sherman Excavating filed its answer on January 21, 2022.

**{¶6}** On June 1, 2022, the Houghs filed a second amended complaint alleging their negligence and loss-of-consortium claims against Plaza Street Fund, Delventhal, and Sherman Excavating, and naming Sherman (in his individual capacity) and Plaza Street Partners as defendants. The defendants filed their answers to the Houghs' second amended complaint on June 9, 2022.

**{¶7}** On April 3, 2023, the Houghs filed a motion for (partial) summary judgment "as to the issue of liability in this case as against all named defendants * * * ." (Doc. No. 88). The defendants filed memoranda in opposition to the Houghs' motion for (partial) summary judgment on May 4, 2023. The Houghs filed their

reply to the defendants' memoranda in opposition to their motion for summary judgment on May 8, 2023.

{¶8} On April 5, 2023, Plaza Street Fund, Deventhal, and Plaza Street Partners filed a motion for summary judgment. Sherman Excavating and Sherman filed a motion for summary judgment on April 7, 2023. The Houghs filed memoranda in opposition to the defendants' motions for summary judgment on May 1 and 4, 2023, respectively. The defendants filed their replies to the Houghs' memoranda in opposition to their motions for summary judgment on May 8 and 11, 2023, respectively.

{¶9} On August 29, 2023, the trial court denied the Houghs' motion for (partial) summary judgment, but granted summary judgment in favor of the defendants, and dismissed the Houghs' complaint. Specifically, the trial court denied the Houghs' motion for (partial) summary judgment after concluding "that a violation of Findlay Ordinance #521.08 may not be the basis for a finding of negligence per se." (Doc. No. 115). In its decision granting summary judgment in favor of the defendants, the trial court concluded that that the defendants did not owe a "duty of care toward" the Houghs since they "were trespassers" and the defendants did not engage in "willful, wanton, or reckless conduct." (Doc. No. 116). The trial court further determined that "the dangers were open and obvious" and that there were no attendant circumstances which would create a genuine issue of material fact as to whether the trench was open and obvious. (*Id.*).

{¶10} On September 28, 2023, the Houghs filed a notice of appeal. They raise one assignment of error for our review.

**Assignment of Error**

**The trial court erred in granting summary judgment in concluding hazards on the property were open and obvious, diminishing consideration of genuine material facts.**

{¶11} In their assignment of error, the Houghs argue that the trial court erred by granting summary judgment in favor of the defendants. Specifically, the Houghs argue that the trial court "erred in finding that [they] were trespassers" and by determining that "the attendant circumstances [Melanie] encountered leading to the slip and fall" did not create a genuine issue of material issue of fact as to whether the danger was open and obvious. (Appellant's Brief at 20).

*Standard of Review*

{¶12} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the

conclusion is adverse to the non-moving party.  Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

**{¶13}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact."  *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument."  *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings."  *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

**{¶14}** In this case, the trial court granted summary judgment in favor of the defendants after concluding that there is no genuine issue of material fact that the defendants did not breach any duty to the Houghs because "the dangers were open and obvious."  (Doc. No. 116).  Reaching this conclusion, the trial court found that (1) the Houghs were "fully aware of this work area both the first time they traversed it and the second time they did so on their return from the ice cream shop"; (2) Melanie "explained that she successfully traversed the area about thirty (30) minutes prior to her fall"; (3) Melanie "saw the construction equipment"; and (4) Melanie "testified that her husband warned her to be careful as she approached the

construction area on the trip home." (*Id.*). Furthermore, the trial court concluded that there are no attendant circumstances which would create a genuine issue of material fact as to whether the trench was open and obvious.

{¶15} On appeal, the Houghs contend that genuine issues of material fact remain as to whether the defendants breached a duty to Melanie. *See, e.g.*, *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8 (noting that "[t]he open-and-obvious doctrine * * * concerns the first element of negligence law, the existence of a duty"). *See also id.* at ¶ 13. "'[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom.'" *Carnes* at ¶ 14, quoting *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). *See also Williams v. Lowe's of Bellfontaine*, 3d Dist. Logan No. 8-06-25, 2007-Ohio-2045, ¶ 8 ("In a slip and fall case, the court must first determine what duty of care the defendant owed the plaintiff."). "At common law, the legal duty owed by a landowner to one who enters upon his land was contingent upon the status of the entrant: trespasser, licensee, or invitee." *Carnes* at ¶ 14, citing *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 417 (1994).

{¶16} "A trespasser is one who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience." *McKinney v. Hartz & Restle Realtors, Inc.*, 31 Ohio St.3d 244, 246 (1987). Ordinarily, "'a landowner owes no duty to a * * * trespasser except to

refrain from willful, wanton, or reckless conduct that is likely to injure him.'" *Durfor v. W. Mansfield Conservation Club*, 3d Dist. Logan No. 8-21-26, 2022-Ohio-416, ¶ 17, quoting *Williams v. Cook*, 132 Ohio App.3d 444, 449 (3d Dist.1999). "'[A] trespasser's status can be elevated to that of "discovered" trespasser in situations involving the following facts: (1) constant trespassers and a latent active or artificial danger, (2) known trespassers, and (3) trespassing children.'" *Drohn v. Cocca Dev., Inc.*, 7th Dist. Mahoning No. 08 MA 43, 2008-Ohio-6079, ¶ 18, quoting *Fath v. Mut. Oil & Gas Co.*, 9th Dist. Summit No. 19851, 2000 WL 1257804, *2 (Sept. 6, 2000). In situations "involving so-called 'discovered trespassers,' the duty owed is elevated to that of ordinary care." *Id.*

**{¶17}** "'""Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."'" *Carnes* at ¶ 14, quoting *Neumeier v. Lima*, 3d Dist. Allen No. 1-05-23, 2005-Ohio-5376, ¶ 13, quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). "It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Light* at 68.

**{¶18}** "Conversely, a person who enters the premises of another by permission or acquiescence, for his *own* pleasure or benefit, and not by invitation, is a licensee." (Emphasis sic.) *Id.* "A licensee takes his license subject to its attendant perils and risks" and "[t]he licensor is not liable for ordinary negligence

and owes the licensee no duty except to refrain from wantonly or willfully causing injury." *Id.*

**{¶19}** In this case, the parties dispute Melanie's status. The Houghs contend that the defendants owed them a duty of ordinary care as licensees or discovered trespassers. The defendants dispute the Houghs' contention and argue that Houghs "are indubitably categorized as trespassers because they 'enter[ed] without invitation or permission purely for [their] own purposes or convenience" when the purpose was to use a more convenient shortcut. (Plaza Street Brief at 11, quoting *McKinney* at 246).

**{¶20}** Nevertheless, "[t]he open and obvious doctrine 'acts as a complete bar to any negligence claims.'" *Carnes*, 2011-Ohio-4467, at ¶ 15, quoting *Armstrong*, 2003-Ohio-2573, at ¶ 5. *See also Galo v. Carron Asphalt Paving, Inc.*, 9th Dist. Lorain No. 08CA009374, 2008-Ohio-5001, ¶ 16-18 (addressing that the open and obvious doctrine abrogates any duty to warn). "The justification for the doctrine is that 'the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" *Carnes* at ¶ 15, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

**{¶21}** "In general, '[o]pen-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection.'" *Shipman v.*

*Papa John's*, 3d Dist. Shelby No. 17-14-17, 2014-Ohio-5092, ¶ 22, quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12. "However, an individual 'does not need to observe the dangerous condition for it to be an "open-and-obvious" condition under the law; rather, the determinative issue is whether the condition is observable.'" *Id.*, quoting *Thompson* at ¶ 12. "Thus, '[e]ven in cases where the plaintiff did not actually notice the condition until after he or she fell, [courts have] found no duty where the plaintiff could have seen the condition if he or she had looked.'" *Id.*, quoting *Thompson* at ¶ 12.

**{¶22}** "In most situations, whether a danger is open and obvious presents a question of law." *Carnes* at ¶ 16. *See also Klauss v. Glassman*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 18 ("Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law."). "However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." *Klauss* at ¶ 18. Nevertheless, "when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 11.

**{¶23}** "Determination of whether a particular hazard is open and obvious does not revolve around the plaintiff's peculiar sensibilities or whether the plaintiff actually observed the danger." *Carnes* at ¶ 19. "'Instead, the question is whether, under an objective standard, the danger would have been discernible to a reasonable person.'" *Id.*, quoting *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶ 22. "If the hazard itself is not objectively open and obvious we need not reach the issue of whether attendant circumstances 'unreasonably increased the normal risk' of the hazard." *Id.*, quoting *Williams*, 2007-Ohio-2045, at ¶ 18.

**{¶24}** Here, the openness and obviousness of the risk—i.e., the trench—is not an issue for a jury to determine because reasonable minds cannot differ with respect to whether the trench was an open and obvious hazard. Indeed, the Houghs do not dispute on appeal that the trench was observable or that they detected the trench. *Compare St. Germain v. Newell*, 3d Dist. Marion No. 9-15-14, 2015-Ohio-3713, ¶ 24 (emphasizing that "[t]he open and obvious doctrine has not only been applied where a person would reasonably be expected to discover a hazard, but also where the tenant had actual knowledge of a particular hazard or condition").

**{¶25}** Notwithstanding the observability of the trench, the Houghs contend that there are attendant circumstances that they assert obviate the open and obvious nature of the trench. Specifically, the Houghs argue that "the attendant circumstances that included chunks of cement in the trench, loose gravel on the

pavement alongside the trench, the trench itself, and the concentration of [Melanie] to cross the trench" preclude the trench from being an open and obvious hazard. (Appellant's Brief at 10).

{¶26} "'Attendant circumstances' may also create a genuine issue of material fact as to whether a hazard is open and obvious." *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 06CA18, 2007-Ohio-3898, ¶ 24. Attendant circumstances are "[a]n exception to the open and obvious doctrine * * * ." *Simms v. Penn Natl. Gaming, Inc.*, 10th Dist. Franklin No. 21AP-185, 2022-Ohio-388, ¶ 29. However, "[t]o serve as an exception to the open and obvious doctrine, an attendant circumstance must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.'" *Shipman*, 2014-Ohio-5092, at ¶ 29, quoting *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-541, 2010-Ohio-2774, ¶ 20.

{¶27} Nonetheless, "[t]here is no precise definition of attendant circumstances." *Simms* at ¶ 30. Generally, "'attendant circumstances are facts that significantly enhance the danger of the hazard.'" *Shipman* at ¶ 29, quoting *Haller v. Meijer, Inc.*, 10th Dist. Franklin No. 11AP-290, 2012-Ohio-670, ¶ 10. *See also Carnes*, 2011-Ohio-4467, at ¶ 17 (noting that attendant circumstances refer "'to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event'"), quoting *Benton v. Cracker Barrel Old Country Store,*

*Inc.*, 10th Dist. Franklin No. 02AP1211, 2003-Ohio-2890, ¶ 17. Specifically, an "attendant circumstance" is "'a factor that contributes to the fall and is beyond the control of the injured party.'" *Williams*, 2007-Ohio-2045, at ¶ 18, quoting *Benton* at ¶ 17.

{¶28} "Attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger." *Carnes* at ¶ 17. "An attendant circumstance is usually an active event as opposed to a static condition." *Id.* When considering attendant circumstances, those "'circumstances contributing to and those reducing the risk of the defect must be considered.'" *Benton* at ¶ 17, quoting *Sack v. Skyline Chili, Inc.*, 12th Dist. Warren No. CA2002-09-101, 2003-Ohio-2226, ¶ 20. "'Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would easily be distracted." *Simms* at ¶ 30, quoting *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 16. Nevertheless, "'attendant circumstances do not include any circumstance existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner.'" *Novik v. Kroger Co.*, 3d Dist. Marion No. 9-11-21, 2011-Ohio-5737, ¶ 18, quoting *Stewart v. AMF Bowling Ctrs., Inc.*, 3d Dist. Hancock No. 5-10-16, 2010-Ohio-5671, ¶ 15.

{¶29} Considering each of the circumstances alleged by the Houghs, we conclude that there is no genuine issue of material fact that attendant circumstances did not lessen the open and obvious nature of the trench. In other words, based on the facts presented, there is no triable issue as to whether Melanie was distracted from exercising the degree of care an ordinary person would have exercised to avoid the perceived danger. Critically, the evidence in the record unequivocally demonstrates that Melanie was aware of the risk and exhibited caution when approaching it.

{¶30} Specifically, Melanie testified that she noticed (and successfully traversed) the trench when she and David were travelling to the ice cream shop. *Compare Jackson v. Pike Cty. Bd. of Commrs.*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, ¶ 23 (concluding that Jackson "had an opportunity to observe the condition" since she "had traversed this same route without incident on her way into the building"). That is, Melanie testified that she was aware that "there was loose gravel on the parking lot" and that "there were stones and chunks of concrete in the trench." (Melanie Depo. at 37). Melanie testified that when she and David left the ice cream shop, they travelled again through the property on their way home. According to Melanie, even though she was aware of the hazard, she attempted to *once again traverse* it since she "navigated it successfully the first time." (*Id.* at 38). She testified that, "[b]ecause of the trench, [she] stopped [her] bike, and [she]

was going to lift * * * the front bike tire over it so that [she] didn't fall, but [her] feet or foot slipped, and [she] fell." (*Id.* at 37).

{¶31} In sum, even construing the evidence in favor of the Houghs, we conclude that the trench is an open and obvious hazard and that there are no attendant circumstances, viewed individually or collectively, which would warrant an exception to the open and obvious doctrine. *Accord Rawlings v. Springwood Apts. of Columbus, Ltd.*, 10th Dist. Franklin No. 18AP-359, 2018-Ohio-4845, ¶ 38; *Simms*, 2022-Ohio-388, at ¶ 34. As a result, there is no genuine issue of material fact that the defendants did not owe a duty to the Houghs to warn Melanie of the danger posed by the trench. Therefore, the trial court did not err by granting summary judgment in favor of the defendants.

{¶32} The Houghs' assignment of error is overruled.

{¶33} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**