[Cite as *Fertilizer Storage Co., L.L.C. v. Heartland Bank*, 2024-Ohio-4836.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

---

**FERTILIZER STORAGE
COMPANY, LLC, ET AL.,**
          **CASE NO. 2-23-16**

    **PLAINTIFFS-APPELLANTS,**

  **v.**

**HEARTLAND BANK, ET AL.,**
          **O P I N I O N**

    **DEFENDANTS-APPELLEES.**

---

**Appeal from Auglaize County Common Pleas Court
Civil Division
Trial Court No. 2022-CV-155**

**Judgment Affirmed**

**Date of Decision:  October 7, 2024**

---

**APPEARANCES:**

    *Terrence G. Stolly and James D. Henderson* **for Appellants**

    *David A. Skrobot* **for Appellee, Heartland Bank**

    *Joshua A. Koltak* **for Appellee, Seth Middleton**

**ZIMMERMAN, J.**

{**¶1**} Plaintiffs-appellants, Fertilizer Storage Company, LLC, Farmers Alliance, LLC, Eric Barnes, and Kelli Barnes (collectively "Appellants"), appeal the November 29, 2023 judgment entry of the Auglaize County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Heartland Bank and Seth Middleton ("Middleton"). For the reasons that follow, we affirm.

{**¶2**} This case involves a commercial loan transaction wherein Appellants, as borrower, failed to read the loan documents before signing them at the closing of the loan. On the day of closing, Appellants asked Middleton—an agribusiness lender employed by Heartland Bank—if the loan documents contained any prepayment penalties. Middleton informed Appellants that there would be no prepayment penalties after three years. Appellants signed the loan documents at closing on September 21, 2018.

{**¶3**} Approximately four years later, Appellants decided to refinance their loan with a different bank. At the time of refinance, Appellants were informed that they would have to pay a hedge prepayment fee to Pacific Coast Bankers' Bank, a hedge provider, under the terms of a rate protection agreement signed by Appellants at the aforementioned closing on September 21, 2018. The rate protection agreement details the risk of terminating the agreement prior to its 15-year term.

**{¶4}** The rate protection agreement further provides that the hedge prepayment fee is dependent on market conditions at the time of termination. Nevertheless, appellants decided to proceed to refinance and paid a hedge prepayment fee of $92,000.

**{¶5}** On October 19, 2022, Appellants filed a complaint in the trial court against Heartland Bank alleging claims of breach of contract, negligent hiring, and fraud. Appellants also asserted a fraud claim against Middleton.

**{¶6}** Following extensive discovery by the parties, Heartland Bank and Middleton filed motions for summary judgment on all claims. Appellants filed an opposition to Heartland Bank's motion for summary judgment, to which Heartland Bank replied.

**{¶7}** On November 29, 2023, the trial court granted summary judgment in favor of Heartland Bank and Middleton and dismissed the case. In dismissing Appellants' fraud claim, the trial court found that since Appellants failed to read the loan documents, "[n]o reasonable jury could conclude that Plaintiffs *reasonably* relied upon Middleton's actions or words." (Emphasis in original.) (Doc. No. 74).

**{¶8}** On December 28, 2023, Appellants' filed their notice of appeal raising a single assignment of error.

**Assignment of Error**

**The Trial Court Erred In Finding No Issue Of Material Fact As To Appellants' Claim For Fraud.**

{¶9} In their sole assignment of error, Appellants argue that the trial court erred by granting summary judgment in favor of Heartland Bank and Middleton and dismissing their fraud claim. Specifically, Appellants argue that a genuine issue of material fact exists regarding whether they "justifiably relied" on Middleton's misrepresentation regarding no prepayment penalties after three years. (Appellants' Brief at 9).

*Standard of Review*

{¶10} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 2013-Ohio-2149, ¶ 25 (3d Dist.).

{¶11} Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶12} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 2011-Ohio-4467, ¶ 13 (3d Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "In doing so, the moving party is not required to

produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Carnes* at ¶ 13, citing *Dresher* at 293. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Carnes* at ¶ 13, citing *Dresher* at 293 and Civ.R. 56(E).

*Analysis*

{¶13} Appellants argue that they justifiably relied on Middleton's representation regarding no prepayment penalties after three years because they had no reason to doubt the veracity of his statement under the circumstances. Appellants contend that the issue of "justifiable reliance" is a genuine issue of material fact to be determined by a jury. (Appellants' Reply Brief at 7).

{¶14} Relevant to the issues presented, the elements of fraud are as follows:

> "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Burris v. Romaker*, 71 Ohio App.3d 772, 776 (3d Dist. 1991), quoting *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶15} With respect to the element of "justifiable reliance," a party's reliance is justifiable "if the representation does not appear unreasonable on its face and if, under the circumstances, there is no apparent reason to doubt the veracity of the

representation." *Trepp, LLC v. Lighthouse Commercial Mtge., Inc.*, 2010-Ohio-1820, ¶ 21. Importantly, however, a party's "failure to read the contract negates the justifiable reliance element," because a "person cannot reasonably rely upon the statements of the other contracting party when the person failed to read the contract." *Trepp* at ¶ 22.

{**¶16**} The failure to read the terms of a contract "drives a stake into the heart" of a fraud claim. *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 503 (1998). "'A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed.'" *ABM Farms* at 503, quoting *McAdams v. McAdams*, 80 Ohio St. 232, 240-241 (1909). Thus, it is a "legal and common-sensical axiom that one must read what one signs." *ABM Farms* at 503. Furthermore, the United States Supreme Court has explained this axiom as follows:

> It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission.

*Upton v. Tribilcock*, 91 U.S. 45, 50 (1875).

{**¶17**} In this case, Appellants acknowledge that they did not read the loan documents before signing them. Instead of reading the documents, Appellants asked Middleton whether any prepayment penalties existed. According to

Appellants, Middleton misrepresented that there would be no prepayment penalties after three years despite knowing that a hedge prepayment fee was a possibility under the terms of the rate protection agreement included in the loan documents.

{¶18} Here, the evidence shows that plaintiff-appellant Eric Barnes ("Eric") signed the rate protection agreement on behalf of plaintiff-appellant Fertilizer Storage Company, LLC ("Fertilizer"), as borrower. Eric also signed a one-page certification regarding the rate protection agreement at closing. During his deposition testimony, Eric admitted that he did not read any of the loan documents prior to signing. Critically, Eric testified that he did not read the rate protection agreement or the one-page certification before signing them.

{¶19} As previously discussed, the rate protection agreement details the possibility of a hedge prepayment penalty depending on market conditions at the time of termination. Similarly, the one-page certification specifically states that the rate protection agreement is between Fertilizer and Pacific Coast Bankers' Bank. The one-page certification also states that Heartland Bank and Middleton have not reviewed the rate protection agreement on behalf of Appellants, nor have they provided guidance on the use of the agreement.

{¶20} Because Eric did not read any of the loan documents—including the rate protection agreement and the one-page certification—before signing them, Appellants cannot establish their justifiable reliance on Middleton's representation

regarding no prepayment penalties after three years. *See ABM Farms*, 81 Ohio St.3d at 503.

**{¶21}** Accordingly, when viewing the evidence in a light most favorable to Appellants, we conclude that the evidence fails to demonstrate a genuine issue of material fact. Thus, the trial court did not err by granting summary judgment in favor of Heartland Bank and Middleton and dismissing Appellants' fraud claim.

**{¶22}** Therefore, Appellants' sole assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellants herein in the particulars assigned and argued in their sole assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**