[Cite as *Vaco, L.L.C. v. Semco Inc.*, 2026-Ohio-986.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

VACO LLC,

    PLAINTIFF-APELLEE,

  v.

SEMCO, INC.,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-20

OPINION AND
JUDGMENT ENTRY

---

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 2024-CV-0205

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  March 23, 2026

---

APPEARANCES:

    *Kirsten M. Cox* for Appellant

    *Kimberly Ingram-Hogan* and *Keith S. Anderson* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Semco, Inc. ("Semco") brings this appeal from the judgment of the Court of Common Pleas of Marion County granting summary judgment to Plaintiff-appellee Vaco LLC ("Vaco"). On appeal, Semco claims that the trial court erred by 1) striking an affidavit of a witness, 2) denying a motion to modify the case schedule, and 3) granting summary judgment when there was a genuine issue of material fact. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} This appeal arises from a dispute regarding an oral contract. In June of 2023, Semco agreed to use Vaco to provide accounting services. Vaco claims that Semco never paid for the work done. Semco claims that Vaco never completed the work that was the subject of the contract.

{¶3} On May 3, 2024, Vaco filed a complaint for breach of contract and unjust enrichment. The complaint alleged that Vaco provided a consultant to work as a part-time controller to Semco. According to Vaco, Semco agreed to pay an hourly rate of $120.00 for consultant services. Vaco then assigned Glenn Smith ("Smith") to work with Semco and paid Smith for his labor. Vaco sent invoices totaling $39,250.00 to Semco, but the invoices were not paid. Vaco attached copies of the invoices to the complaint.

{¶4} On June 28, 2024, Semco filed its answer denying most of the allegations in the complaint. Semco claimed that Vaco failed to provide a competent controller and thus there was no breach of contract or unjust enrichment. Semco then filed counterclaims for negligence and fraud. Vaco filed an answer to the counterclaims and denied them.

{¶5} On September 11, 2024, the magistrate filed a scheduling order setting a discovery deadline for December 11, 2024. The order also set a deadline of January 13, 2025 for dispositive motions to be filed. On that same day, the trial court granted leave to Semco for them to file an additional counterclaim for breach of contract. On October 22, 2024, Vaco filed an answer to Semco's amended counterclaim despite no such amended counterclaim having been filed yet.

{¶6} On January 2, 2025, Vaco filed a motion to amend the scheduling order and to compel discovery. The motion claimed that Semco had failed to respond to discovery served on October 30, 2024. The motion also requested that Semco provide dates for a requested deposition within seven days of retaining new counsel, as the prior counsel had withdrawn. The trial court granted the motion and extended the discovery deadline until January 24, 2025, and the dispositive motion deadline to March 13, 2025. On January 28, 2025, the trial court ordered Semco to retain new counsel and again noted that Semco still had not complied with discovery

demands. The trial court warned Semco that if it did not comply with the discovery demands, Semco could be sanctioned.

{¶7} On February 24, 2025, Semco filed its amended counterclaim alleging that Vaco had breached the contract with Semco. Semco alleged that it had suffered damages in the amount of $50,000.00 due to the breach. On February 27, 2025, the trial court extended the discovery deadline to March 5, 2025, set a deposition deadline of March 31, 2025, and the dispositive motion deadline to April 7, 2025. Semco later filed a motion to modify the case schedule, moving the discovery deadline to June 5, 2025. The motion was based upon the fact that discovery had led to potential additional damages. The trial court denied this motion on April 16, 2025.

{¶8} On April 4, 2025, Vaco filed a motion for summary judgment on the complaint and as to all counterclaims. Semco filed a response to the motion on May 2, 2025. The trial court granted the motion for summary judgment on June 18, 2025. Semco appealed from this judgment and raised the following assignments of error on appeal.

**First Assignment of Error**

**The trial court erred when it held that the affidavit of Shelby Furman should be stricken.**

**Second Assignment of Error**

**The trial court erred when it failed to find a genuine issue of material fact existed with regard to the terms of the oral agreement.**

**Third Assignment of Error**

**The trial court erred when it failed to find a genuine issue of material fact existed with regard to Semco Inc.'s counterclaim for fraud.**

**Fourth Assignment of Error**

**The trial court abused its discretion when it denied Semco Inc.'s motion to modify the case schedule.**

In the interest of clarity, we will address the assignments of error out of order.

*Summary Judgment*

{¶9} In Semco's second and third assignments of error, Semco claims that the trial court erred by granting summary judgment to Vaco.

> An appellate court reviews a trial court's summary judgment decision de novo, independently and without deference to the trial court's decision. * * * Summary judgment is appropriate only "when the requirements of Civ.R. 56(C) are met." * * * The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. * * * In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *." * * * Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. * * *

> The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." * * * In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C)." * * * If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *."

(Citations omitted). *Lillie v. Meachem*, 2009-Ohio-4934, ¶21-22 (3d Dist.). "[I]n considering whether to grant a motion for summary judgment, the trial court may not weigh the evidence and thereby enter summary judgment to the party with the stronger case: 'such weighing of evidence is inappropriate in the summary judgment arena.'" *Corrado v. Warren-Trumbull County Pub. Library,* 2006-Ohio-4661, ¶ 24 (11th Dist.). As the standard of review is de novo, we will review whether there are any genuine issues of material fact, whether Appellees are entitled to judgment as a matter of law and whether reasonable minds could reach a verdict in favor of Appellant upon the claims set forth in the complaint.

{¶10} Vaco's complaint in this case pled two causes of action - breach of contract and, in the alternative, unjust enrichment. Since the trial court found there was a contract, the trial court found the second cause of action to be moot. Semco in its answer, as a well as a later filing, raised three counterclaims – negligence, fraud, and breach of contract. "To establish a breach of contract claim, the plaintiff

must prove by a preponderance of the evidence that a contract existed; that the plaintiff completed performance; that the defendant failed to perform; and that the plaintiff was damaged by the defendant's failure to perform." *Adams v. Disbennett*, 2008-Ohio-5398, ¶ 14 (3d Dist.). In order to show that an oral contract exists, the plaintiff must show that both parties consented to the terms of the contract, that there was a "meeting of the minds" of both parties, and that the terms of the contract were definite and certain. *Daily Servs., LLC v. Transglobal, Inc.*, 2023-Ohio-2462, ¶ 46 (10th Dist.). "Accordingly, for a contract to be enforceable, there must be a 'meeting of the minds' as to the essential terms of the agreement, which means the essential terms of the agreement must be 'reasonably certain and clear' and mutually understood by the parties." *Id*. at ¶ 47.

{¶11} Here, the parties agree that they intended to enter into a contract whereby Vaco provided comptroller services to Semco and Semco agreed to pay a fee of $120 per hour for such services. This agreement was an oral agreement and nothing was put in writing. Vaco provided evidence that payment of the fees was due when the invoice was sent. Semco provided evidence, through Shelby Furman's ("Furman") deposition, that only the first three months' worth of invoices were owed, with the rest being owed when the job was completed. Furman was the designated corporate representative of Semco and was the President of Semco Inc. Furman testified that Vaco had previously provided the services of Nick Moreno

("Moreno"), who did not complete the tasks assigned. Furman claimed that after Moreno did not work out, Vaco offered to supply a replacement comptroller and asked Semco to give them another chance. According to Furman, he agreed to do so.

> The agreement that I [Furman] had with Derek Benseler [of Vaco] after the disaster of Nick Moreno was that we were going to pay three invoices to show that we had money, that we pay our bills. * * * And so I wanted to show that we were good for doing it, and we needed – and I wanted to make sure that it was acceptable, the work was acceptable to Rob Roll, our CPA at GBQ, and for the bank. And what happened was the first one was the bank found it unacceptable from Nick Moreno. So I was not going to pay until it was acceptable.

Furman Deposition at 30. Furman indicated that Semco gave Vaco a second chance to fix the problems because Derek Benseler assured him that Glenn Smith ("Smith") could fix it. A review of the record shows that Semco did pay the first three invoices for Smith's work, but did not pay the remainder.[1] This appears to put the payment terms of the oral contract into issue. We note that the trial court claimed that Semco had admitted that it owed the $120.00 per hour and that it had agreed to pay it when invoiced. The trial court found this to be the case because of the admissions made in the answer. However, a review of the complaint shows that it never alleged when the amounts owed would be due. Thus, Semco did not admit that it would pay the invoices upon receipt. This matter was one that the parties disagreed upon in their

---

[1] This was shown by emails from Vaco to Semco acknowledging that it had received payment for three invoices.

perception of the terms of the contract and is one of the issues of material fact to be determined in this case. Viewing this evidence in a light most favorable to Semco, this Court cannot say that a reasonable trier of fact could not find that the terms of the contract did not require full payment of the remaining invoices, after the first three were paid, until the contract was complete as was testified by Furman in his deposition.

{¶12} Additionally, Vaco was required to show that it had completed its performance under the contract in order to establish a claim for breach of contract. See *Adams, supra*. Vaco presented evidence that it had provided the comptroller services as set forth under the oral contract. Semco disputes this claim and raised a counterclaim that Vaco breached its contract by not doing so. Furman testified in his deposition that Smith was expected to complete the following:

> To reconcile the bank accounts, reconcile the IRS, the 941s. He was supposed to do the bank statements. He was supposed to do the financial statements, and any other financial documents that we needed.

Furman Dep. At 44. Furman testified that Smith had not filed the quarterly tax documents that were due on October 15, 2023, and that he did not complete the financial statements for the bank. According to Furman, the work that was produced by Smith, was not acceptable as the accountant indicated it was not correct. Furman testified that he notified Vaco of the problems, but Vaco did not respond to his concerns. Additionally, during the deposition, emails were presented showing that

the proper paperwork was not filed with the IRS. The 941s were also not provided to the bank. All of these were tasks that Furman testified Vaco's agent was to have finished in order for Vaco to have complied with their contractual duties.

{¶13} In response, Vaco presented the affidavit of Smith indicating that he had completed the tasks assigned. This Court notes that this was a verbal contract. As such the only evidence to show the terms of the contract is the testimony and affidavits of the parties to the contract. As contradictory evidence exists regarding whether Vaco completed its duties under the contract, there are genuine issues of material fact as to whether a breach of contract occurred. Thus, summary judgment is not appropriate as to Vaco's breach of contract claim. The second assignment of error is sustained.

{¶14} Semco claims in the third assignment of error that the trial court erred by granting summary judgment to Vaco on Semco's fraud claim.[2] To establish a claim of fraud, one must show the following: 1) a representation or concealment of a fact, 2) which is material to the transaction, 3) falsely made, 4) with the intent of misleading another into reliance, 5) leading to justifiable reliance, and 6) proximately causing injury due to the reliance. *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, ¶ 61. "[A] party's reliance is justifiable 'if the representation does not appear unreasonable on its face and if, under the circumstances, there is no

---

[2] We note that Semco does not assign error as to the granting of summary judgment regarding the other counterclaims.

apparent reason to doubt the veracity of the representation.'" *Fertilizer Storage Co., LLC v. Heartland Bank*, 2024-Ohio-4836, ¶ 15 (3d Dist.) quoting *Trepp, LLC v. Lighthouse Commercial Mtge., Inc.,* 2010-Ohio-1820, ¶ 21 (10th Dist.). However, a failure to read a contract negates the justifiable reliance because one cannot reasonably rely upon statements of the other party when they could have read the contract. *Id*. "A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended when he could have known the truth by merely looking when he signed." *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 503 (1993).

{¶15} In this case, there was no written contract. Furman testified in his deposition that he informed Vaco that he only wanted a CPA. Furman also testified that Benseler told him that Smith was a CPA and that Smith also told him he was a CPA. However, Furman admitted during his testimony that prior to approving the appointment of Smith, Vaco sent Furman Smith's resume which showed that Smith was not a CPA. When questioned about why he accepted the appointment of Smith when he was not a CPA, Furman indicated that he had missed that fact on the resume. Neither party disputes that Smith was not a CPA. Nor do they dispute that Furman was given the resume of Smith which indicated Smith was not a CPA prior to Furman accepting the appointment of Smith. Furman was given the information that showed that Smith was not a CPA. As such he cannot now claim that he had

justifiable reliance on what he was told merely because he did not adequately review the resume. Without a showing of justifiable reliance, Semco cannot establish all of the elements of a fraud claim. As such, Vaco was entitled to judgment as a matter of law on the fraud claim. The third assignment of error is overruled.

*Exclusion of Affidavit*

{¶16} In the first assignment of error, Semco claims that the trial court erred in excluding the affidavit of Furman from consideration when ruling on Vaco's motion for summary judgment. This Court has determined that the trial court erred in granting summary judgment to Vaco on its breach of contract claim. As the matter is being remanded for a trial, the issue of the admission of the affidavit is moot. For this reason we will not address it at this time. App.R. 12(A)(1)(c).

*Motion to Modify the Case Schedule*

{¶17} In its final assignment of error, Semco claims that the trial court erred by denying its motion to modify the case schedule. "As a general rule, a trial court has the inherent authority to manage its own proceedings and control its own docket." *State v. Orta*, 2020-Ohio-4514, ¶ 22 (3d Dist.). An appellate court will not interfere with the trial court's exercise of this authority unless the decision is "plainly erroneous and constitutes a clear abuse of discretion." *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 538 (1942). "To constitute an abuse of discretion with regard to discovery rulings, the trial court's action(s) 'must be so palpably

and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.'" *America's Floor Source, LLC v. Homes*, 2010-Ohio-6296, ¶ 47 (10th Dist.).

{¶18} In this case, the trial court originally issued its scheduling order on September 11, 2024. The schedule set the witness disclosure deadline for November 12, 2024, the discovery deadline for December 11, 2024, the dispositive motion deadline for January 13, 2025, and the trial for May 20, 2025. On December 31, 2024, counsel for Semco filed a motion to withdraw. On January 2, 2025, Vaco filed a motion to amend the scheduling order and to compel discovery. The motion noted that Vaco had served discovery requests on Semco on October 30, 2024, and given an extended time to answer until December 13, 2024. On December 9, 2024, Vaco served a notice of deposition for Semco seeking dates to conduct the deposition. As of the filing of the motion, Semco had not responded to Vaco's discovery requests. Vaco requested the trial court to extend the deadlines by 60 days, schedule a new trial date, and to order Semco to comply with the discovery requests. The trial court granted the motion on January 6, 2025, and ordered Semco to respond to all outstanding discovery by January 24, 2025.

{¶19} On January 24, 2025, the trial court held a pre-trial conference, which Semco failed to attend. The trial court found that Semco had yet to find new counsel

and had not responded to discovery as ordered. The trial court ordered Semco to obtain new counsel and to comply with discovery demands or be sanctioned. On February 27, 2025, the trial court again set new deadlines with the discovery deadline being set for March 5, 2205, the deadline for depositions extended to March 31, 2025, and the dispositive motion deadline extended to April 7, 2025. This was done to accommodate the new counsel retained by Semco. On March 28, 2025, the new counsel for Semco filed a motion to again modify the case schedule, adjusting the deadlines by approximately 3 additional months. On April 16, 2025, the trial court denied the motion to modify the schedule for a third time.

{¶20} Semco argues that the trial court erred in denying the motion because there were extenuating circumstances in that Semco's original counsel failed to timely respond to discovery requests and then withdrew shortly after the deadline passed. The record shows that the trial court did take this into consideration and continued the schedule two times. The motion for the extension was not filed until right before the third deadline for discovery. In ruling on the motion to modify the case schedule, the trial court noted that Vaco had repeatedly complied with the deadlines while Semco had not done so. The trial court also noted the previous extensions that have been granted and that counsel for Semco had agreed to the deadlines in effect at that time. The trial court determined that granting the request would be prejudicial to Vaco and then denied the motion. All of the reasons given

by the trial court were supported by the record. As such, this court does not find that the trial court abused its discretion in denying the motion to modify the case schedule for a third time. The fourth assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant in the particulars assigned and argued in the third and fourth assignments of error, the judgment is affirmed as to those issues. Having found prejudicial error to the appellant in the particulars assigned and argued in the second assignment of error, the judgment is reversed as to that issue and the matter is remanded. The resolution of the second assignment of error renders the first assignment of error moot and it will not be addressed at this time.

*Judgment Affirmed in Part,*
*Reversed in Part,*
*and Cause Remanded*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

Case No. 9-25-20

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

John R. Willamowski, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/hls